Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | PHILIP G. REINHARD | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50127 | **DATE** | July 12, 2001 |
| **CASE TITLE** | Linda M. Spates (#A-87134) v. Larry Schultz, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter memorandum opinion and order. Plaintiff's motion for leave to file in forma pauperis [3-1] is granted. Plaintiff's motion for appointment of counsel [4-1] is held in abeyance. The trust fund officer at plaintiff's place of incarceration is ordered to make deductions from from plaintiff's trust fund account and payments to the clerk of court as directed in the attached memorandum opinion and order. The court dismisses the complaint pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted. Plaintiff may file an amended complaint within thirty days of the date of this order. Failure to do so will result in dismissal of this suit with prejudice. The clerk shall send a copy of the memorandum opinion and order to the trust fund officer at Lincoln Correctional Center.

(11) ■ For further detail see memorandum opinion attached to the original minute order.

| | No notices required, advised in open court. | | | number of notices | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | JUL 12 2001 | |
| | Notices mailed by judge's staff. | | | date docketed | |
| | Notified counsel by telephone. | | | | |
| X | Docketing to mail notices. | | | docketing deputy initials | |
| | Mail AO 450 form. | | | JUL 12 2001 | |
| | Copy to judge/magistrate judge. | | | date mailed notice | |
| | KS | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

DOCKETED
JUL 12 2001
FILED-WD
01 JUL 12 PM 12: 14
U.S. CLERK
DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| LINDA M. SPATES (#A-87134), | ) |
| Plaintiff, | ) |
| v. | ) No. 2001 C 50127 |
| | ) Judge Reinhard |
| LARRY SCHULTZ, et al. | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Linda Spates filed this pro se civil rights action seeking damages for unconstitutional conditions of confinement at the Winnebago County Jail. Plaintiff is granted leave to file in forma pauperis.[1] Under 28 U.S.C. § 1915A the court is required to review complaints filed by prisoners against officers or employees of governmental entities and dismiss any portion of the complaint it finds frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. The court finds that the complaint as written does not state a claim upon which relief may be granted. In other words, assuming that everything plaintiff has alleged in the complaint is true, the law would not permit the court to grant her relief, i.e., award her damages against the defendants. Because plaintiff may be able to supply additional facts showing that her rights have, in fact, been violated, she may file an amended complaint within thirty days of the date of this order.

Unlike convicted prisoners whose constitutional protections derive from the Eighth Amendment's prohibition of cruel and unusual punishment, state pretrial detainees are protected under the Due Process Clause of the Fourteenth Amendment, which forbids all punishment of pretrial detainees. *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979); *Tesch v. County of Green*

---

[1] All prisoners bringing suit in federal court must pay the full filing fee. Pursuant to 28 U.S.C. § 1915(b)(1), the court assesses an initial partial filing fee of $33.85. The trust fund officer at plaintiff's current place of incarceration is ordered to collect, when funds exist, the partial filing fee from plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer at the correctional facility where plaintiff is confined is directed to collect monthly payments from plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $150 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Il. 60604, attn: Fiscal Dept., and shall clearly identify plaintiff's name and the case number assigned to this action. The clerk shall send a copy of this order to the trust fund officer at Lincoln Correctional Center.

*Lake*, 157 F.3d 465, 473 (7th Cir. 1998). "Punishment," however, is not mere discomfort; it is discomfort imposed intentionally or with deliberate indifference to the detainee's suffering. Discomfort inflicted through negligence or unavoidable circumstances is not punishment. *See Tesch, supra*. Further, only serious deprivations amount to constitutional violations. Whether a matter is sufficiently serious depends on both its severity and its duration. *Id.* at 476. Although the court assumes for the purpose of initial review that plaintiff's allegations are true, plaintiff has not provided enough information for the court to determine whether her constitutional rights have been violated.

Plaintiff's first claim is that she was "locked down 24 hours a day without recreation from July 27th 2000 until Sept. 13, 2000," adding, "there is no recreational facility in this jail." There is no requirement that jails have recreational facilities. Plaintiff does not state why she was kept "locked down." Pretrial detainees may be punished for misconduct while detained if they receive due process of law, and may also be restrained non-punitively for reasons of inmate safety or security, or other operational concerns. *Rapier v. Harris*, 172 F.3d 999, 1002-03 (7th Cir. 1999). If by "locked down" plaintiff means that she was confined to her cell for 24 hours a day, she should specify the reason given, if any, for this, and whether all or some other inmates were similarly confined.

Plaintiff's second claim, that she was kept in restraints and kept out of the general population from August 3 to September 13, 2000, also should be clarified. What kind of restraints? Plaintiff states she was restrained whenever she left her cell. Was plaintiff restrained within her cell? Were other detainees similarly restrained? What reason, if any, was given for the restraints and plaintiff's segregation from the general population?

Plaintiff states that she did not have access to "legal material." Does this mean research materials, or her personal papers relating to her own case or cases? Plaintiff did not specify what prejudice, if any, she suffered from not having access to these materials. A plaintiff seeking damages for interference with his or her access to the courts must allege actual prejudice, some non-frivolous legal claim or defense the plaintiff was unable to raise. *Lewis v. Casey*, 518 U.S. 343 (1996); *Walters v. Edgar*, 163 F.3d 430, 433-34 (7th Cir. 1998). Without such allegations, this does not state a claim.

Plaintiff's third claim, that she was kept in an area with no toilet or shower for a few days, and for an unspecified time in "other areas that had no shower at all," does not state a claim. She does not state that she was unable to relieve herself or shower, and a few days of inconvenience does not rise to the level of a constitutional violation.

Plaintiff's fourth claim of overcrowding does not state a claim since it lacks any allegation that any of the defendants could have remedied it. As was pointed out in *Houston v. Sheahan*, 62 F.3d 902 (7th Cir. 1995), jail officials ordinarily have no control over the number of prisoners they must accommodate. If plaintiff is aware that unused space was available elsewhere, or that any of the defendants had the power to relieve the overcrowding, she should allege this.

Plaintiff's fifth claim, that the jail was unsafe because prisoners were not segregated by the nature of the offenses with which they were charged, does not state a claim in the absence of any allegation that she was injured. Anxiety at being required to live with dangerous people is not enough, *see Babcock v. White*, 102 F.3d 267, 272 (7th Cir. 1996), and a prisoner may not claim damages for mental suffering in the absence of physical injury. 42 U.S.C. § 1997e(e). Plaintiff states that the "areas" in which women are confined are unsanitary. This also is too vague; which areas, and what was unsanitary about them? Again, unless she can allege that she actually became ill, plaintiff cannot sue on the basis of feelings of revulsion alone.

Plaintiff's sixth claim, that there is no sunlight or fresh air in "all or most of the areas female detainees are secured," needs to be clarified. What areas are meant?

Plaintiff's seventh claim, that she was charged for medical attention, does not state a claim. Prisoners may be charged for medical care as long as necessary medical care is not denied to those unable to pay for it. *See Reynolds v. Wagner*, 128 F.3d 166, 174 (3d Cir.1997)(prisoner co-payment plan does not violate Eighth Amendment); *Hudgins v. DeBruyn*, 922 F.Supp. 144, 150-52 (S.D.Ind.1996)(same).

Plaintiff's eighth claim, that she "had to sleep on some kind of plastic pod and put in the gym area for a few nights and on the floor several other nights with women stepping over each other just to move around" does not state a claim. Being assigned to sleep on a mattress on the floor is not itself enough to give rise to a claim of punishment. *Hines v. Sheahan*, 845 F.Supp.

3

1265, 1269 (N.D.Ill. 1994); *Powell v. Cook County Jail*, 815 F.Supp. 757, 759 (N.D.Ill 1993). The short length of time involved also militates against finding a constitutional deprivation here.

The complaint also for the most part lacks allegations linking the defendants individually to the claimed violations of plaintiff's rights. A defendant can be liable for a constitutional violation only if a defendant was personally responsible for the deprivation of a constitutional right. That is, the conduct causing the constitutional deprivation must have occurred at his or her direction or with his or her knowledge and consent. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). Plaintiff needs to allege "some causal connection or affirmative link between the action complained about and the official sued." *Id.*

Finding that the complaint as written does not state a claim upon which relief may be granted, the court dismisses the complaint pursuant to 28 U.S.C. § 1915A. If plaintiff believes that by adding new allegations and clarifying the existing ones she can state a claim against the defendants, or any of them, she may file an amended complaint within thirty days of the date of this order. Plaintiff should file an original amended complaint together with a copy for the court and a copy for each named defendant. If plaintiff files an amended complaint, the court will conduct a similar review of the amended complaint, and either permit the suit to proceed or dismiss the suit with prejudice.

IT IS SO ORDERED.

_____
Philip G. Reinhard, Judge
United States District Court

DATED: July 12, 2001

4